IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-1-FL

| | |
|---|---|
| RONALD HUGH HUTTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>U.S. DEPARTMENT OF VETERANS )<br>AFFAIRS, )<br>)<br>Defendant. )<br>)<br>) | ORDER |

This matter comes before the court on plaintiff's motion to proceed *in forma pauperis* (DE # 1) and for frivolity review pursuant to 28 U.S.C. § 1915(e), with benefit of memorandum and recommendation ("M&R") entered by United States Magistrate Judge James E. Gates on February 9, 2012 (DE # 3). The magistrate judge recommends that this case be transferred to the Middle District of North Carolina, the judicial district in which plaintiff resides. Plaintiff timely objected to that recommendation, and the issues raised are ripe for adjudication.

## DISCUSSION

A.  Standard of Review

In addressing plaintiff's objections to the M&R, the court makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

B.  Analysis

Plaintiff moves to proceed *in forma pauperis* in his suit against the United States Department of Veteran Affairs ("VA"). Plaintiff, a resident of Pittsboro in Chatham County, North Carolina, seeks to end his affiliation with defendant VA and to vacate his classification as a disabled veteran.

The magistrate judge recommends transferring this case to the Middle District of North Carolina, where plaintiff resides.[1] Plaintiff does not challenge the magistrate judge's analysis of the applicable venue statute, 28 U.S.C. § 1391(e).[2] The court agrees with the magistrate judge's conclusion that venue in this district is improper, where defendant is a resident of the District of Columbia, the events at issue occurred either in the District of Columbia or the Middle District of North Carolina, and plaintiff resides in the latter.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although plaintiff would seek to keep his case in the Eastern District of North Carolina, the statute requires this court to either dismiss or transfer plaintiff's case. In the interest of justice, the court finds that transfer, not dismissal, is appropriate.

---

[1] Chatham County is in the Middle District of North Carolina. 28 U.S.C. § 113(b).

[2] Section 1391(e) provides in relevant part: "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.."

2

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge. The clerk of court is DIRECTED to transfer this case to the Middle District of North Carolina, the judicial district in which plaintiff resides. See 28 U.S.C. §§ 1391(e)(C), 1406(a). Having determined that transfer is necessary, the court withholds adjudication of plaintiff's motion to proceed *in forma pauperis*.

SO ORDERED, this the 22rd day of February, 2012.

LOUISE W. FLANAGAN
United States District Judge