IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RONALD HUGH HUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV190 |
| | ) | |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6) [Doc. #14], filed by Defendant U.S. Department of Veterans Affairs ("VA" or "Defendant VA"). Plaintiff Ronald Hutton is proceeding *pro se* and has responded to Defendant VA's motion [Doc. #17]. For the reasons set out below, the Court recommends that Defendant VA's motion be granted and that this action be dismissed.

I.      FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff states in his Complaint [Doc. #8] and his attached letter [Doc. #8-1] that he has asked Defendant VA, through its website and by U.S. mail, a "few times" to remove his designation as a "disabled veteran." (Complaint [Doc. #8-1] at 1.) He states that he "used to be a disabled veteran (emotionally)." (Id.) He alleges that in Autumn of 2009 he cancelled all of the benefits that he was receiving through Defendant VA because his "issues had been resolved." He says that he no longer has emotional health issues. He contends that he has attempted unsuccessfully to obtain employment in his "career field" for over 3 years, and he

believes that being labeled as a disabled veteran has diminished his chances of obtaining employment "ten fold." (Id. at 2.)

Plaintiff is seeking by this action to have the VA remove "the label" of being a disabled veteran from his records, and to have the VA remove him "from their database, and [] remove [him] from having any affiliation whatsoever" with Defendant VA. (Id.) Plaintiff seeks no monetary damages.

Plaintiff states that the basis for federal jurisdiction over this action is "Freedom from Potential Employer Discrimination of a non-valid categorization of plaintiff." (Id. [Doc. #8] at 2.)

Defendant VA shows by affidavit that Plaintiff Hutton served in the United States Navy from 1986 until 1988 and was honorably discharged. (Def.'s Mem. [Doc. #15-2] at 1.) Plaintiff is not currently receiving benefits from Defendant VA, but did receive them from January 1988 until October 2009, when he renounced his benefits. Defendant VA contends that this Court lacks subject matter jurisdiction over this action, that Plaintiff's service of process was insufficient, and that Plaintiff's allegations fail to state a claim upon which relief may be granted. Defendant VA moves for dismissal of the entire action. In considering the Motion to Dismiss, the Court begins with Defendant's contention that this Court lacks subject matter jurisdiction over this action.

II.  DISCUSSION

Federal courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 552 (2005). "The Plaintiff has the burden of proving that subject matter

2

jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When resolving a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). "In short, when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged. On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009); see also Richmond, Fredericksburg & Potomac, 945 F.2d at 768 (noting that on a substantive challenge to subject matter jurisdiction, "[t]he moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law"). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In the present case, Plaintiff has failed to carry his burden of showing that this Court may exercise subject matter jurisdiction over this action. Plaintiff fails to allege any basis for federal jurisdiction in his Complaint. There are no federal statutes or laws cited in his Complaint. In his Response brief, he simply says that he wishes to "appeal" Defendant's request to dismiss this action. (Pl.'s Response [Doc. #17].) On his civil cover sheet, Plaintiff cites 18 U.S.C. § 242,

3

which is a criminal statute prohibiting the deprivation of constitutional rights under color of law. It is unclear how Plaintiff contends that this statute applies in this case, and in any event this federal criminal statute would not form a basis for Plaintiff's civil claims or for the assertion of federal jurisdiction over Plaintiff's civil suit.

In the Motion to Dismiss, Defendant VA raises the possibility that Plaintiff may be attempting to assert a claim under the Privacy Act, 5 U.S.C. § 552a (2012). The Privacy Act allows Plaintiff to access records "pertaining to him" that are contained in an agency's system of records and to request amendment to any record that he believes is "not accurate, relevant, timely, or complete." 5 U.S.C. § 552a(d)(2)(B)(i). If the agency refuses to amend his records as requested, Plaintiff may request an administrative appeal, and then if not satisfied with that appeal, he may place a statement of disagreement in his file and seek judicial review. 5 U.S.C. § 552a(d)(3) & (g)(1); 38 C.F.R. § 1.579. However, in this case, Plaintiff has not exhausted his administrative remedies and is not before the Court seeking judicial review of an administrative determination. Therefore, no Privacy Act claim is properly before the Court for review.

Moreover, the Court further concludes that even if a Privacy Act claim is properly presented, the Privacy Act "can be used to correct *facts* in [plaintiff's] records . . ., if those facts are recorded erroneously. However, the Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, or the opinions behind that administrative decision." Reinbold v. Evers, 187 F.3d 348, 361 (4th Cir. 1999) (citations omitted). In this case, Plaintiff seeks to alter records that, under the facts alleged, accurately reflect the administrative

4

decisions made years ago. Because Plaintiff concedes in his Complaint that he was at one time a disabled veteran, there is no plausible basis for believing that the information that he seeks to have removed from his VA record, specifically, the "label" of being a disabled veteran in the past, constitutes false or inaccurate information. Therefore, even if this Privacy Act claim were properly before the Court, it would be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, based on the facts as alleged in the Complaint.

The Court also notes that to the extent that Plaintiff may be attempting to obtain a review of a VA decision on benefits, including a review of any determination by the VA as to whether Plaintiff is disabled or has a service-related disability, those matters must be raised with the Department of Veterans Affairs. 38 U.S.C. § 511. To the extent Plaintiff may seek review of such a determination, that review is to the United States Court of Appeals for Veterans Claims, and then to the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7252, § 7292. Thus, any such claim is not properly before this Court for review.

Therefore, for all of these reasons, the Court concludes that Defendant's Motion to Dismiss should be granted.[1] Plaintiff remains free to pursue his contentions directly with the Department of Veterans Affairs under the statutory schemes set out above.

Having reached this determination, the Court also notes that Plaintiff has filed a Motion to Transfer [Doc. #18] seeking to transfer this action to the Eastern District of North Carolina. In support of this request, Plaintiff notes that he has recently moved to the Eastern District.

---

[1] In light of this Recommendation, the Court will not address Defendant's arguments as to insufficiency of service of process.

However, venue was proper in this district at the time the Complaint was filed because Plaintiff resided in this District at the time the action was instituted. 28 U.S.C. § 1391(e) (providing that in a suit against the United States, venue is proper in any judicial district in which the plaintiff resides, *inter alia*); see also 5 U.S.C. § 552a(g)(5) (setting out similar venue provisions for Privacy Act claims). Moreover, in light of the determination above, the Court concludes that it would not be in the interest of justice to transfer this case. Therefore, the Motion to Transfer should be denied.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss [Doc. #14] be granted, and that this action be dismissed without prejudice. In light of this Recommendation, IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Transfer [Doc. #18] be denied.

This, the 29th day of March, 2013.

                                        /s/ Joi Elizabeth Peake
                                        United States Magistrate Judge